\*\* NOT FOR PRINTED PUBLICATION \*\*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| TDE PETROLEUM DATA SOLUTIONS, INC. | § § § | |
| *Plaintiff*, | § | CIVIL ACTION No. 1:15-cv-178 |
| | § | |
| v. | § | JUDGE RON CLARK |
| | § | |
| AKM ENTERPRISE, INC. D/B/A MOBLIZE, INC. | § § | BRC |
| | § | |
| *Defendant*. | § | |

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF TEXAS

Plaintiff TDE Petroleum Data Solutions filed suit against Defendant AKM Enterprise, Inc., asserting infringement of U.S. Patent No. 6,892,812 and seeking a preliminary injunction. Docs. 1, 2. Defendant moves to transfer venue from this court to the United States District Court for the Southern District of Texas, pursuant to 28 U.S.C. § 1404(a). Doc. 26.

As both parties are Texas corporations with their principal places of business in Houston, Texas, two of the factors in the Fifth Circuit's eight-factor test favor granting transfer. None of the factors favor denying transfer. Defendant's motion is therefore GRANTED.

### I.      Background

The parties are competitors in the field of automated oil well detection services. Plaintiff is the owner of the '812 Patent, which is entitled "Automated Method and System for Determining the State of Well Operations and Performing Process Evaluations." Plaintiff alleges that Defendant sells services for "automated determination of well states for drilling systems"

1

that infringe the '812 Patent. Doc. 1 at ¶ 22.

Plaintiff states that "[a]t the time the Complaint was filed, [it] had clients that operated rigs in the Haynesville Basin." Doc. 29 at 7. The Haynesville Basin is natural gas deposit that spans Northwest Louisiana and part of the Eastern District of Texas. Plaintiff's Opposition to Defendant's Motion to Dismiss does not point to any employees or documents in the Eastern District of Texas. It nevertheless considers the Eastern District of Texas to be "a significant target for business development" and has placed several sales calls to that region. *Id.* at 2.

Defendant has no employees, records, or current customers in the Eastern District of Texas. Doc. 26-8 at ¶¶ 5–10. Its one former customer from the Eastern District of Texas ceased purchasing services in 2013. *Id.* at ¶ 11. Its source code and technical documents are in Houston and its customer data is in Dallas and Louisiana. *Id.* at ¶¶ 6–7.

## II.     Applicable Law

Defendant moves to transfer venue to the Southern District of Texas pursuant to 28 U.S.C. § 1404(a), which permits a district court "[f]or the convenience of the parties and witnesses" to "transfer any civil action to any other district or division where it might have been brought." The purpose of 28 U.S.C. § 1404(a) "is to prevent the waste 'of time, energy and money' and 'to protect the litigants, witnesses and the public against unnecessary inconvenience and expense . . . .'" *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 809 (1964). As transfer of venue is not a matter of substantive patent law, case law from the Court of Appeals for the Fifth Circuit governs this motion. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). The threshold inquiry in a transfer of venue analysis under § 1404(a) is whether the plaintiff could have brought the action in the jurisdiction to which the defendant seeks transfer. *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003).

If the transferee venue is proper, it is the defendant's burden to demonstrate that the transferee venue is "clearly more convenient than the venue chosen by the plaintiff." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (*Volkswagen II*).  As the Fifth Circuit put it: "he who seeks the transfer must show good cause." *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963).  "This 'good cause' burden reflects the appropriate deference to which the plaintiff's choice of venue is entitled." *Volkswagen II*, 545 F.3d at 315.

To decide whether the defendant has met its burden, the court must analyze a set of public and private interest factors, no one of which is dispositive.  *Volkswagen II*, 545 F.3d at 315, citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (*Volkswagen I*).

### III.   Analysis

A.   <u>The Southern District of Texas is a Proper Venue for this Action</u>

Plaintiff does not dispute that the Southern District of Texas is a proper venue for this case.  As this matter is not in dispute, Defendant meets the threshold inquiry for a transfer of venue analysis.  *Volkswagen II*, 545 F.3d at 315.

B.   <u>The Private Interest Factors</u>

The Fifth Circuit considers four non-exclusive "private" factors: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive.  *Volkswagen II*, 545 F.3d at 315.

*1.   The relative ease of access to the sources of proof*

The first private interest factor is the relative ease of access to the sources of proof.  *Volkswagen I*, 371 F.3d at 203.  The advent of electronic discovery has not rendered this factor

superfluous. *Volkswagen II*, 545 F.3d at 316. In discussing this factor, both parties point to the location of Defendant's documents and source code. *See In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location.").

Plaintiff does not contest that: 1) Defendant's source code and technical documents reside in the Southern District of Texas; and 2) Defendant's data centers are outside of the Eastern District of Texas, in Dallas and Louisiana. Doc. 26-1 at ¶ 6–7; Doc. 29 at 4.

This factor favors transfer, because there are no sources of proof in the Eastern District of Texas and two sources of proof (source code and technical documents) in the Southern District of Texas.

2.  *The availability of compulsory process to secure the attendance of witnesses*

The second private interest factor is the availability of compulsory process to secure the attendance of witnesses. *Volkswagen I*, 371 F.3d at 203. A court cannot compel nonparty witnesses to travel more than 100 miles, unless it is within the same state and will not cause the witnesses to incur substantial travel expenses. Fed. R. Civ. P. 45(c)(3)(A)(ii), 45(c)(3)(B)(iii). A court may, however, "enforce a subpoena issued to any nonparty witness in the State of Texas to appear at trial, provided the party does not incur substantial expense." *Sanger Ins. Agency, Inc. v. HUB Int'l, Ltd.*, 2:13-CV-528, 2014 WL 5389936, at *3 (E.D. Tex. Mar. 25, 2014) (citing Fed. R. Civ. P. 45(c)(1)(B)(ii)).

Defendant asserts that this factor favors transfer because potential, unnamed witnesses may reside in Sugar Land, TX. Doc. 26 at 7. Sugar Land is 108 miles from the Beaumont Division of the Eastern District of Texas, where this court is located. Defendant has not alleged that a party from Sugar Land would "incur substantial expense" because of the additional eight

miles.  Fed. R. Civ. P. 45(c)(1)(B)(ii).

This factor is neutral, as both the Houston Division of the Southern District of Texas and the Beaumont Division of the Eastern District of Texas both have compulsory process available to secure the attendance of witnesses without incurring substantial expense.

3.     *The cost of attendance for willing witnesses*

The third private interest factor is the cost of attendance for willing witnesses. *Volkswagen II*, 545 F.3d 304 at 317.  "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id*. (quoting *Volkswagen I*, 371 F.3d at 204–05).  Courts in the Eastern District of Texas have consistently held that "it is the convenience of non-party witnesses . . . that is the more important factor and is accorded greater weight in a transfer of venue analysis." *Kroy IP Holdings, LLC v. Starbucks Corp., Inc.*, No. 2:13-CV-936-JRG, 2014 WL 5343168, at *3 (E.D. Tex. Sept. 30, 2014) (quoting *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 775 (E.D. Tex. 2000)).

Defendant has identified no non-party witnesses located more than 100 miles away from Beaumont.  In conclusory fashion, Defendant alleges that a trial in Houston would be less expensive for party witnesses.  Doc. 26-8 at ¶ 12.  But that affidavit never states that any of its employees actually reside in Houston.  A careful "spin" to avoid perjury, or careless drafting that fails to address important evidentiary elements?  The court will not guess.  This factor, therefore, is neutral.

4.     *All other practical problems that make trial easy, expeditious, and inexpensive*

The parties have not indicated any practical problems that make trial easy, expeditious, and inexpensive.  This factor is therefore neutral.

5

C.   The Public Interest Factors

The Fifth Circuit applies four non-exclusive public interest factors in determining a § 1404(a) venue transfer question: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of law [or in] the application of foreign law.

*1.   The administrative difficulties flowing from court congestion*

The first public interest factor relates to judicial economy and efficient use of public resources—"the administrative difficulties flowing from court congestion." *Volkswagen I*, 371 F.3d at 203. The Federal Circuit has called this factor the "most speculative" and noted that "case-disposition statistics may not always tell the whole story." *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009).

Defendant has provided statistics showing that the civil docket for the entire Southern District of Texas is less busy than the civil docket for the entire Eastern District of Texas. Doc. 26-7 at 6. This evidence is non-dispositive because even if the Eastern District of Texas is busier as a whole, it does not follow that the Houston Division is busier than the Beaumont Division. This factor is therefore neutral.

*2.   The local interest in adjudicating local disputes*

The second public interest factor is the local interest in having localized interests decided at home. *Volkswagen II*, 545 F.3d at 315. There may be a strong local interest where "the cause of action calls into question the work and reputation of several individuals residing in or near that district and who presumably conduct business in that community." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009). As to Defendant, it did not choose to favor the court with evidence that even one of its employees actually lives in Houston. On the other hand, the

6

mere sale of "several" or "some" of the allegedly infringing products in a given district is not enough to shift this factor in favor of one party. *See TS Tech*, 551 F.3d at 1321.

Defendant argues that the Southern District of Texas has a strong local interest because the headquarters of both companies are located in Houston. Plaintiff argues that the Eastern District of Texas has a strong local interest because Defendant has a former customer there and Plaintiff has current customers there. Plaintiff also points out that the Eastern District of Texas is an area of likely expansion for both companies.

The strongest evidence of local interest is that both parties have their principal places of business in the Southern District of Texas. This weighs heavier than the actual or prospective sale of infringing products. *See TS Tech*, 551 F.3d at 1321. Therefore, this factor favors transfer.

3.   *The familiarity of the forum with the law that will govern the case*

The Eastern District of Texas recently issued a General Order transferring several of its patent cases from the Marshall Division to Judge Nancy Atlas in the Houston Division of the Southern District of Texas. General Order 15-14. This transfer would not have been made if there were doubts regarding the Southern District's familiarity with patent law. Therefore, this factor is neutral.

4.   *The avoidance of unnecessary problems in conflict of laws*

As this is a patent case arising under federal law, there are no issues relating to conflict of laws. This factor is neutral.

### IV.   Conclusion

The relative ease of access to proof and the local interest in adjudicating local disputes strongly favor transfer to the Southern District of Texas. There are no factors favoring the

Eastern District of Texas.  Defendant has therefore met its burden of proving that the Southern District of Texas is a clearly more convenient forum.

　　　　IT IS THEREFORE ORDERED that this case be transferred to the Houston Division of the Southern District of Texas and that Defendant's Motion to Transfer Venue (Doc. 26) is GRANTED.

　　　　So **ORDERED** and **SIGNED** this **24** day of **June, 2015.**

_____
Ron Clark, United States District Judge